**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-03417-CMA-MJW

COMPREHENSIVE ADDICTION TREATMENT CENTER, INC., a Colorado corporation, and
PAMELA MANUELE,

Plaintiffs,

v.

DARIA LESLEA, Individually and in her official capacity as Controlled Substance Administrator, Division of Behavioral Health, f/k/a Alcohol and Drug Abuse Division, Colorado Department of Human Services,
JANET WOOD, Individually and in her official capacity as Director, Division of Behavioral Health f/k/a Alcohol and Drug Abuse Division, Colorado Department of Human Services,
MARY McCANN, Individually and in her official capacity as Clinical Director, Division of Behavioral Health f/k/a Alcohol and Drug Abuse Division, Colorado Department of Human Services,
KAREN BEYE, Individually and in her official capacity as Executive Director, Colorado Department of Human Services,
JOSCELYN GAY, Individually and in her official capacity as Deputy Executive Director, Office of Behavioral Health, Colorado Department of Human Services,
KAREN MOONEY, Individually and in her official capacity as Treatment Field Manager, Division of Behavioral Health f/k/a Alcohol and Drug Abuse Division, Colorado Department of Human Services, and
THE COLORADO DEPARTMENT OF HUMAN SERVICES, DEPARTMENT OF BEHAVIORAL HEALTH,

Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO REVIEW**

---

This matter is before the Court on "Plaintiffs' Motion to Review Clerk's Taxing of Costs Under F.R.C.P. 54(D)(1)." (Doc. # 66.) Because Defendants' costs related to the electronically stored information ("ESI") are expenses enumerated in 28 U.S.C.

§ 1920(4), and Plaintiffs were aware that Defendants would have to retain an outside consultant to retrieve and convert the ESI into a retrievable format, Plaintiffs' Motion is denied.

## I. BACKGROUND

On January 31, 2013, this Court granted Defendants' Motion to Dismiss on qualified immunity and for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(B)(1) and 12(B)(6). (Doc. # 41.) After prevailing on summary judgment, Defendants filed a Proposed Bill of Costs seeking costs totaling $58,037.01. (Doc. # 43.) At a telephonic hearing, the Clerk of the Court awarded $57,873.61 of taxable costs. (Doc. # 63.) On March 5, 2014, Plaintiffs filed the instant Motion seeking a review of the Clerk's determination concerning the costs taxed amount of $55,649.98, which accounts for Defendants contracting with a private consulting company, Cyopsis, to retrieve and convert ESI into a retrievable format to produce information requested by Plaintiffs. (Doc. # 66.) Defendants filed a Response on March 31, 2014 (Doc. # 67), to which Plaintiffs Replied on April 14, 2014 (Doc. # 68).

## II. ANALYSIS

Plaintiffs contend that the Court should reduce the taxing of costs entered by the District Court Clerk from $57,873.61 to $2,387.03 because Defendants' Bill of Costs include the services of a third party vendor, Cyopsis, in retrieving, restoring and converting data, which does not constitute "copying" under 28 U.S.C. § 1920(4).

Defendants disagree, arguing that "[p]roduction costs in collecting, scanning, reviewing, and preparing documents are necessary expenditures that are made for the purpose of advancing the discovery phase of the case and as such, are taxable."

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Under Rule 54, a prevailing party is presumptively entitled to recover all of its costs. *See Cantrell v. Int'l Bhd. of Elec. Workers, AFL–CIO, Local 2021*, 69 F.3d 456, 457 (10th Cir. 1995). However, not every expense is a permissible "cost." Only the expenses enumerated in 28 U.S.C. § 1920 or other statutory authority may be taxed as "costs" under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987*); Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1179 (10th Cir. 2005). Pursuant to 28 U.S.C. § 1920(4), the Court may award copy and exemplification fees for copies of any materials necessarily obtained for use in the case. "The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court." *In re Williams Sec. Litig—WCG Subclass*, 558 F.3d 1144, 1147–48 (10th Cir. 2009) (citation omitted). "To be recoverable, a prevailing party's transcription and copy costs must be reasonably necessary to the litigation of the case." *Id.* (internal quotation marks omitted). Once the prevailing party has demonstrated that particular costs are statutorily authorized, the unsuccessful party

bears the burden of showing that the costs are somehow improper, and cannot be recovered. *See Cantrell*, 69 F.3d at 459.

Further, there is "ample authority for the proposition that a prevailing party's expenses in copying discovery material demanded by the losing side are properly taxed as costs." *Crandall v. City & Cnty. of Denver*, 594 F. Supp. 2d 1245, 1256 (D. Colo. 2009).[1] In fact, "[t]he costs incurred by the winning side in responding to evidence-gathering requests is an expense that is logically shifted to the losing side." *Id.* The risk of being charged with the costs of complying with one's own discovery requests encourages parties "to make narrow, focused discovery requests, rather than going on broad, potentially expensive, fishing expeditions." *Id.*

Moreover, courts have recognized that 28 U.S.C. § 1920(4) includes e-discovery related costs. *Nero v. Am. Family Mut. Ins. Co.*, No. 11-CV-02717-PAB-MJW, 2013 WL 5323262, at *3 (D. Colo. Sept. 23, 2013) (Defendant "is entitled to recover as taxable costs the amount spent on loading data into an electronic database and converting files to TIFF or PDF formats"); *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 260 (4th Cir. 2013) (holding that § 1920(4) includes taxable costs to "converting electronic files to non-editable formats and burning the files onto discs"); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) ("[T]he scanning of hard copy documents, the conversion of native files to TIFF, and the

---

[1] Citing *Watkins & Son Pet Supplies v. Iams Co.*, 197 F.Supp.2d 1030, 1037 (S.D. Oh. 2002); *Alexander v. CIT Technology Financing Services*, 222 F.Supp.2d 1087, 1089 (N.D. Ill. 2002); *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

transfer of VHS tapes to DVD involved ‘copying,’ . . . the costs attributable to only those activities are recoverable under § 1920(4)’s allowance for the ‘costs of making copies of any materials.’”).

In this case, Defendants hired a third-party vendor, Cyopsis, to retrieve and restore ESI to produce documents sought by Plaintiffs’ Interrogatories and Requests for Production dated October 6, 2010. For instance, Plaintiffs requested “all documents or things, including but not limited to, correspondence, summaries, emails, reports, and memos relating to any communication about CATS since 2004, including, but not limited to a complete copy of the DBH/ADAD file regarding CATS’ treatment and controlled substances licenses.” (Doc. # 67, 4.) Because of the complexities and time-intensive efforts anticipated in responding to Plaintiffs’ requests for documents, the parties entered into three consecutive tolling agreements, dated December 13, 2010, March 29, 2011, and July 20, 2011. Further, Defendants wrote to Plaintiffs’ counsel three times describing the difficulties and complexities encountered in retrieving and restoring the ESI: (1) April 8, 2011, providing detailed information on the scope of the ESI, storage, archival methods and practices, and retention periods concerning numerous categories of information on stored servers, hard drives, back-up tapes, personal computers, and laptops; (2) May 26, 2011, detailing Cyopsis’ efforts of obtaining the ESI, which included the restoration of 83 back-up tapes; and (3) July 20, 2011, when Cynopsis’ Principal Forensic Investigator and Director of Litigation Support, John T. Bryan, wrote a letter describing the difficulties and complexities encountered in the restoration and

conversion effort. Thus, Plaintiffs were well aware that Defendants required the services of an outside consultant in order to produce the information requested, and they were kept apprised of the difficulties encountered by the vendor, Cyopsis. At no time during this period did Plaintiffs initiate discussion aimed at limiting the scope of their request for information or take other measures to limit the costs of the endeavor. Based on the production of the ESI, Plaintiffs filed a new Complaint including several allegations not included in the version filed in 2010.

The Court finds that Defendants' costs related to the ESI are expenses enumerated in 28 U.S.C. § 1920(4). The ESI expenses were not merely for the convenience of the parties nor were they materials produced solely for discovery as Plaintiffs filed a new Complaint that included information gleaned from the ESI. Thus, the ESI expenses were reasonably necessary for use in the case. Indeed, Plaintiffs were aware of the monumental effort to retrieve and convert the data into a retrievable format in response to their Interrogatories and Requests for Production. The costs incurred by Defendants, the prevailing party, in responding to Plaintiffs' requests are expenses that are shifted to Plaintiffs, the losing party. Indeed, Plaintiffs own litigation choices and aggressive course of discovery necessarily resulted in "heightened" defense costs. *See In re Williams Sec. Litig—WCG Subclass*, 558 F.3d at 1150. Plaintiffs have not demonstrated that these costs are improper. Accordingly, Defendants are entitled to recover their costs in full measure as determined by the Clerk, which it has identified as $57,873.61.

## III. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Review Clerk's Taxing of Costs Under F.R.C.P. 54(D)(1) (Doc. # 66) is DENIED. Defendants are awarded $57,873.61 in costs.

DATED: February __13___, 2015

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge